**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
NO. ___3:08-cv-89-JBC___

| | |
|---|---|
| **JAMEY GRAHAM** ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff* ) | |
| **v.** ) | **VERIFIED COMPLAINT** |
| ) | *"Electronically Filed"* |
| ) | |
| **FORD MOTOR COMPANY** ) | |
| **One American Road, Room 612** ) | |
| **Dearborn, Michigan 48126** ) | |
| ) | |
| <u>Serve</u>**: CT Corporation System** ) | |
| **Kentucky Home Life Building** ) | |
| **Louisville, Kentucky 40202** ) | |
| ) | |
| *Defendant* ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes the Plaintiff, Jamey Graham, by and through counsel, and for his Verified Complaint against the Defendant, Ford Motor Company, states as follows:

<u>**JURISDICTION**</u>

1.     That this action arises under the United States Constitution and under federal law, particularly Title 42 of the United States Code §12101 et seq.

2.     That this Court possesses jurisdiction for this case under the provisions of Title 28 of the United States Code, §1331 and §1343.

3.     That this Court has pendant jurisdiction of claimed violations of the Kentucky Civil Rights Act (KRS 344.010 et seq.) pursuant to Title 28 of the United States Code, §1367.

<u>**FACTS**</u>

4.      That the Plaintiff, Jamey Graham ("Graham"), is, and at all times relevant hereto has been, a resident of New Hope, Nelson County, Kentucky.

5.      That the Defendant, Ford Motor Company ("Ford"), is, and at all relevant times hereto has been, a foreign corporation licensed to do and doing business in Louisville, Jefferson County, Kentucky.

6.      That Plaintiff has a partially amputated right hand and is a qualified individual with a disability within the meaning of 42 USC §12102(2), §12111(8) and KRS 344.010(4).

7       That Plaintiff applied for a position with Defendant in December, 2006. Defendant conducted pre-employment testing of Plaintiff, including dexterity testing, and Plaintiff passed all said tests. Defendant then scheduled Plaintiff for a medical examination, which he also passed. In April, 2007, Defendant brought Plaintiff in, along with 67 other potential hires, for orientation training, where Plaintiff was provided an employee "global identification number" and was photographed for an employee identification card. During the course of the training, Mr. Graham was introduced and shook the hands of several Ford employees and management personnel, drawing attention to his partially amputated right hand. At the end of orientation Plaintiff was told by Ford representatives that he would soon receive a call informing him of his start date and other particulars. Several individuals within Plaintiff's hiring class received said call within minutes of leaving the Ford Plant.

8.      That, after months of unreturned phone calls and being ignored by Defendant, Plaintiff was never placed on a work schedule by Ford. Of the 68 members in Plaintiff's hiring class, 67 of those individuals were placed on active duty by Ford. Mr. Graham was the only individual not so placed. Upon information and belief, a member of Ford's management stated that Ford "is not in the habit of hiring one-handed employees."

9.      That the foregoing conduct of Defendant violated 42 USC §12112 and KRS 344.040, in that Ford discriminated against Plaintiff, a qualified individual with a disability, in regard to its job application procedures, hiring, and employment.

10.     That Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant for its willful, wanton, oppressive, fraudulent, malicious and grossly negligent conduct.

11.     That as a direct and proximate result of this discriminatory conduct by Defendant, Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, mental anguish, and loss of both past and future wages.

WHEREFORE, the Plaintiff prays for judgment from the Defendant as follows:

1.      Judgment on his Complaint against Defendant;

2.      Compensatory damages in the sum of $500,000.00;

2.      Punitive damages in the sum of $1,000,000.00;

3.      Medical expenses, past and future;

4.      Trial by jury on any and all issues so triable;

5.      For his costs herein expended, including reasonable attorney's fees; and

6.      For any and all other relief to which he may otherwise be properly entitled.

**<u>VERIFICATION</u>**

I, Jamey Graham, hereby verify that I have read the foregoing Verified Complaint and it is true and correct to the best of my knowledge and belief.

s/ Jamey Graham
(w/permission)


STATE OF KENTUCKY   )
                    )
                    )
COUNTY OF JEFFERSON )


Subscribed and sworn to before me by Jamey Graham on this the 8th day of February, 2008.

My commission expires:   1/9/2010


s/ Kelly Y. McMurray
(w/permission)
NOTARY PUBLIC, KENTUCKY
STATE-AT-LARGE

Respectfully Submitted By,


By: /s/ Michael A. Augustus


JAMES M. BOLUS, JR. PSC
500 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 584-1210
bo@boluslaw.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
500 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 584-1210
(502) 589-1058 (facsimile)
mike@boluslaw.com